IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| KYLE DEWAYNE KUPPER | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-790 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Kyle Dewayne Kupper, a prisoner confined at the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual & Procedural Background

Petitioner was convicted of four counts of aggravated sexual assault of a child under the age of fourteen to which he pled not guilty in Cause No. 380-81069-02 in the 380th Judicial District Court of Collin County, Texas on March 14, 2003. Petitioner was sentenced to a thirty-eight year term of imprisonment on each count, to run concurrently. Petitioner appealed his conviction which was ultimately affirmed by the Fifth Court of Appeals on January 14, 2014. *Kupper v. State*, No. 05-03-00486-CR (Tex. App. – Dallas, Jan. 14, 2004). Petitioner filed a petition for discretionary review which was refused on June 9, 2004. Petitioner filed his first state application for writ of

habeas corpus on February 18, 2008 which was dismissed for non-compliance on September 29, 2010. *Ex parte Kupper*, WR-72,309-01. Petitioner filed a second state application for writ of habeas corpus on January 21, 2011 which was again dismissed for non-compliance on February 23, 2011. *Ex parte Kupper*, WR-72,309-02. Petitioner then filed his third and final state application for writ of habeas corpus on April 5, 2011. The Texas Court of Criminal Appeals remanded the writ back to the state trial court for an evidentiary hearing which was held on November 1, 2011. Ultimately, the Texas Court of Criminal Appeals denied petitioner's state application for writ of habeas corpus on April 25, 2012. *Ex parte Kupper*, WR-72,309-03. Petitioner filed the present federal application for writ of habeas corpus on December 10, 2012.

## The Petition

Petitioner raises the following points of error: (1) trial counsel failed to convey the final plea bargain offer to petitioner before it expired and (2) trial counsel misrepresented the terms of the plea bargain offer and date of expiration.

## The Response

Petitioner was ordered to show cause as to why his petition is not barred by the applicable statute of limitation. Petitioner responded to the show cause order on July 18, 2014, arguing his petition is timely under 28 U.S.C. § 2244(d)(1)(c). Pursuant to *Missouri v. Frye*, . – U.S. –, 132 S.Ct. 1399, 182 L.Ed.2d 279 (2012) and *Lafler v. Cooper*, – U.S. –, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), petitioner argues the Supreme Court recognized a new constitutional right which was made retroactively applicable to cases on collateral review. Specifically, petitioner contends the Supreme Court has held that these two new cases have authority over a petitioner's sixth amendment right to effective assistance of counsel and extend to the consideration of plea offers that lapse or are

2

rejected.

## Analysis

*Statute of Limitations*

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the Act), Pub. L. 104-132, 110 Stat. 1218, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one year period is calculated from the latest of either (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d) (1)(A)-(D).

Ordinarily, the one-year limitation period starts to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the state court conviction became final on September 7, 2004, ninety days after his petition for discretionary review was denied. *See Flanagan v. Johnson*,

154 F.3d 196, 197 (5th Cir. 1998) (noting that state conviction became final ninety days after judgment was entered by the Texas Court of Criminal Appeals, even though petitioner did not file a petition for writ of certiorari). Because petitioner filed his federal petition more than one year after his conviction became final, a literal application of Section 2244(d)(1) renders his December 10, 2012 filing untimely.

*Statutory Tolling*

The Act expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, a state petition for habeas relief is "pending" for the Act's tolling purposes on the day it is filed through (and including) the day it is resolved. *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009).

Petitioner's first state application was not filed until February 18, 2008, almost four years past the September 7, 2004 one year period of limitations. It is well settled, that a document filed in state court after the limitations has expired, does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, the statutory tolling provision does not save the federal petition.

*Applicability of 28 U.S.C. § 2244(d)(1)(C)*

Petitioner argues 28 U.S.C. § 2244(d)(1)(C) should be applied in determining the applicable statute of limitations. That provision established that the starting point for the one-year limitations period is, "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

4

applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

In this case, petitioner contends that *Missouri v. Frye* and *Lafler v. Cooper*, both of which were issued on March 21, 2012, provide the starting point for the one-year limitations period. – U.S. –, 132 S.Ct. 1399, 182 L.Ed.2d 279 (2012); – U.S. –, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). Petitioner filed his petition on December 10, 2012, within one year of the issuance of *Lafler* and *Frye*. Consequently, if section 2244(d)(1)(C) is applicable, the instant petition may be timely.

There are three elements to consider in determining whether 28 U.S.C. § 2244(d)(1)(C) is applicable. As they relate to this case, those elements are: (1) whether *Lafler* or *Frye* create a "newly recognized" constitutional right; (2) whether the Supreme Court made that right retroactive on collateral review; and (3) whether either case triggers the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1)(C); *United States v. Lopez*, 248 F.3d 427, 430 (5th Cir. 2001) (analyzing 28 U.S.C. § 2255(f)(3), which is the 28 U.S.C. § 2255 equivalent to 28 U.S.C. § 2244(d)(1)(C)). Analysis in the case at bar begins and ends at the first of the three listed prongs because neither *Lafler* nor *Frye* "newly recognized" a constitutional right. *In Re Richard M. King, Jr.*, 697 F.3d 1189 (5th Cir. 2012) (in the context of a successive § 2254 application, "we agree with the Eleventh Circuit's determination in *In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012), that *Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context."). 28 U.S.C. § 2244(d)(1)(C) is, therefore, not applicable to the present case.

*Equitable Tolling*

Finally, petitioner does not allege nor has he shown any facts entitling him to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998) (holding that the limitations period

can be equitably tolled in extraordinary circumstances). Equitable tolling is a discretionary doctrine turning on the facts and circumstances of each case and petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied* 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied* 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). For equitable tolling to apply, the applicant must diligently pursue his Section 2254 relief and equity is not intended for those who sleep on their rights. *Fisher v. Johnson* 174 F.3d 710, 715 (5th Cir. 1999); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). In the present case, petitioner cannot show he acted diligently while pursuing habeas relief in both the federal and state courts. As a result, he has not shown that any principles of equitable tolling save his petition; consequently, the petition should be dismissed as time-barred.

## Recommendation

Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be dismissed with prejudice as time-barred.

## Objections

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

6

conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this 17th day of April, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE